a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DOLPH FINLEY, Petitioner | CIVIL DOCKET NO. 1:20-CV-322-P |
| VERSUS | JUDGE DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by *pro se* Petitioner Dolph Finley ("Finley") (#075033). Finley is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Finley challenges his conviction and sentence imposed in the Ninth Judicial District Court, Rapides Parish.

Because the Petition is second and successive (ECF No. 1), it should be DISMISSED for lack of jurisdiction.

I. **Background**

Finley was convicted of first-degree robbery. *State v. Finley*, 664 So. 2d 775, 776 (La. App. 3d Cir. 1995), *writ denied*, 670 So. 2d 1237 (La. 1996). He was sentenced as a habitual offender to 50 years at hard labor. *Id.* The conviction and sentence were affirmed, and the Louisiana Supreme Court denied writs. *Id.* Finley did not seek review in the United States Supreme Court.

Finley filed an application for post-conviction relief on an unspecified date. The application was denied, as were subsequent writ applications. *State ex rel. Finley v. State*, 748 So. 2d 437 (La. 1999).

Finley filed a § 2254 petition in this Court in 1996, challenging the robbery conviction and sentence. The petition was denied on the merits, and a certificate of appealability was denied. *Finley v. Warden*, No. 1:96-CV-1695, W.D.La., ECF Nos. 20, 27.

Finley filed another § 2254 petition in this Court in 1999, attacking the same robbery conviction. *Finley v. Warden*, No. 1:99-CV-2059, W.D. La., ECF No. 1. The petition was denied and dismissed. *Id.* at ECF No. 8. Finley's motion for certificate of appealability was denied by the United States Court of Appeals for the Fifth Circuit. *Id.* at ECF No. 16.

Finley filed another § 2254 petition in this Court in 2002. *Finley v. Warden*, No. 1:02-CV-2112, W.D. La., ECF No. 1. The Court determined the petition was second or successive, and transferred the case to the Fifth Circuit for a determination of whether Finley should be allowed to file a second or successive petition. *Id.* at ECF No. 7. The Fifth Circuit denied authorization. *Id.* at ECF No. 10.

Finley then filed another second and successive habeas petition in this Court in 2017, arguing that one of the convictions used to adjudicate him as a habitual offender was not sufficiently proven at sentencing. *Finley v. Warden*, No. 1:17-CV-2112, W.D. La., ECF No. 1. The petition was dismissed for lack of jurisdiction. *Id.* at ECF No. 13.

In 2018, Finley filed a motion to vacate his multiple offender conviction in the trial court. ECF No. 1-3 at 7. Relief was denied. The Louisiana Third Circuit Court of Appeal denied writs, finding that Finley's motion actually presented an untimely post-conviction claim. ECF No. 1-3 at 22. The Louisiana Supreme Court also denied Finley's writ application.

Finley again sought authorization from the Fifth Circuit to file a second or successive § 2254 habeas petition, purportedly based on a new factual predicate. In re: *Dolph Finley*, No. 18-30169, 5th Cir. The Fifth Circuit denied authorization, finding that the factual predicate was known or discoverable at the time of sentencing. *Id.*

Finley has now filed another § 2254 Petition without authorization from the Fifth Circuit. In this Petition, Finley again challenges his habitual offender adjudication. He alleges that the state failed "to specify the predicate conviction that was actually used for enhancement purposes on the multiple offender bill of information." ECF No. 1 at 11.

II. <u>Law and Analysis</u>

Because Finley has previously filed a § 2254 petition that was adjudicated on the merits, and because he raises a claim that could have been raised in an earlier petition, Finley's Petition (ECF No. 1) is second or successive. <u>See</u> <u>In re Cain</u>, 137 F.3d 234, 235 (5th Cir. 1998). As this District Court noted in one of Finley's prior habeas petitions:

> [P]etitioner is required to obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals

>  in accordance with 28 U.S.C. § 2244(b)(3), which provides in part, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

*Finley v. Warden*, No. 1:02-CV-2112, W.D. La., ECF No. 6. The Fifth Circuit has denied authorization twice, and Finley has still not obtained permission.

Until such time as Finley obtains authorization from the Fifth Circuit, this Court is without subject matter jurisdiction over Finley's claims. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation

within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

    THUS DONE AND SIGNED in Alexandria, Louisiana, on this 29th day of May 2020.

                                      _____
                                      JOSEPH H.L. PEREZ-MONTES
                                      UNITED STATES MAGISTRATE JUDGE